UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NAOLA M. FALK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:05-CV-405-TLS-RBC |
| | ) | |
| DAVID BABER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Naola M. Falk's Motion for Leave to File First Amended Complaint (Docket # 31), seeks to add claims against the Sheriff of Allen County and the Allen County Prosecutor's Office in their official capacities. For the following reasons, Falk's Motion will be GRANTED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Falk filed her initial complaint on November 22, 2005, alleging that her rights under the Fourth Amendment and the Indiana Constitution were violated when officers from the Allen County Sheriff's Department searched her home without a search warrant while attempting to serve an arrest warrant on her son. (Compl. ¶¶ 1-5.)

On February 27, 2006, Falk filed a timely Motion for Leave to File First Amended Complaint, seeking to add a claim for declaratory and injunctive relief against the Allen County Prosecutor's Office in its official capacity for allegedly adopting a policy "that felony arrest warrants could 'double' as search warrants." (Mot. for Leave to File First Amended Compl. ¶ 3.) Defendant Michael McAlexander, who is the Chief Deputy Prosecuting Attorney for the Prosecutor's Office, opposes adding this claim, arguing that the proposed amendment would be

futile because it would be barred by the Eleventh Amendment[1]

## II.  STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).  Leave to amend is freely given when justice so requires. *Id.*  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.  DISCUSSION

Here, McAlexander asserts that the proposed claim against the Allen County Prosecutor's Office in its official capacity is barred by Eleventh Amendment sovereign immunity enjoyed by states in federal courts such that it would be futile to allow Falk to add this claim. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (An amendment is futile when it fails to state a valid theory of liability or when it could not withstand a motion to dismiss).

This broad brush stroke of an argument misses an important point; to the extent that Falk seeks declaratory and injunctive relief against the Prosecutor's Office for violations of federal or constitutional law, a claim she does in fact make (*see* Amended Compl. ¶¶ 10, 11), Eleventh Amendment immunity is not contravened. *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Willaims*, 465 U.S. 89, 100-03 (1984) (acknowledging that although the Eleventh Amendment generally

---

[1] As mentioned *supra*, Falk also seeks to add a claim against the Sheriff of Allen County in his official capacity, but ostensibly none of the Defendants oppose adding this claim.

bars lawsuits against a State or its agencies "regardless of the nature of the relief sought," there is an exception for lawsuits challenging the constitutionality of a state official's action where the relief sought is an injunction that governs the official's future conduct); *Williams v. Wisconsin*, 336 F.3d 576, 580-81 (7th Cir. 2003) ("Official-capacity suits against state officials seeking prospective relief . . . are not barred by the Eleventh Amendment."); *Sheppard v. Welch*, No. 1:05CV0467DFHTAB, 2005 WL 1656873, at *5 (S.D. Ind. July 5, 2005) (citing *Burns v. Reed*, 500 U.S. 478, 481 (1991); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003)) (opining that absolute prosecutorial immunity does not apply to plaintiff's claims for injunctive and declaratory relief); *American Soc'y of Consultant Pharmacists v. Patla*, 138 F. Supp. 2d 1062, 1068 (N.D. Ill. 2001) (collecting cases). Thus, an amendment adding this claim would not be futile.[2] *See Bower*, 978 F.2d at 1008; *Barry Aviation Inc.*, 377 F.3d at 687 (citing *Foman*, 371 U.S. at 182 (1962).

The law is to the contrary, however, when a plaintiff seeks to enjoin a state official in his official capacity from violating state law. *See, e.g.*, *Smith v. Carrasco*, 334 F. Supp. 2d 1094, 1098 (N.D. Ind. 2004) (citing *Pennhurst*, 465 U.S. at 106) (refusing to entertain plaintiff's request for declaratory and injunctive relief on his Indiana constitutional law claims); *Illinois Clean Energy Comty. Found. v. Filan*, No. 03 C 7596, 2004 WL 1093711, at *3 (N.D. Ill. April 30, 2004) (quoting *Benning v. Bd. of Regents of Regency Univ.*, 928 F.2d 775, 778 (7th Cir. 1991)) (The Eleventh Amendment "forbids a federal court from ordering state officials to conform their conduct to state law" because "such relief is unnecessary to vindicate the supreme

---

[2] Falk points out that she is seeking monetary damages only against the Chief Deputy Prosecuting Attorney in his individual capacity, a claim asserted in the initial complaint and reiterated in the amended one.

authority of federal law and contravenes the principles of federalism . . . . "). Therefore, allowing Falk to assert an Indiana constitutional law claim against the Prosecutor's Office in its official capacity would be futile, since it is not a valid theory of liability and would not withstand a motion to dismiss. *See Bower*, 978 F.2d at 1008; *Barry Aviation Inc.*, 377 F.3d at 687 (citing *Foman*, 371 U.S. at 182 (1962).

## IV. CONCLUSION

For the foregoing reasons, Falk's Motion for Leave to File First Amended Complaint (Docket # 31) is GRANTED. Falk may add claims against the Allen County Sheriff in its official capacity and the Allen County Prosecutor's Office in its official capacity insofar as Falk seeks declaratory and injunctive relief for violations of federal constitutional law. The Amended Complaint cannot go forward, however, to the extent it seeks injunctive relief under the Indiana Constitution against the Allen County Prosecutor's Office. The Clerk is directed to show the Amended Complaint filed.

SO ORDERED.


Enter for March 22, 2006

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge