UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NAOLA M. FALK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:05-CV-405 TS |
| | ) | |
| OFFICER DAVID K. BABER #250, | ) | |
| OFFICER TYLER L. HARRIS #204, | ) | |
| CORPORAL GARY C. ISLEY #182, | ) | |
| JAMIE _____, OFFICER | ) | |
| JEFFERY W. SMALLWOOD #222, | ) | |
| OFFICER STEVEN A. STONE #181, | ) | |
| OFFICER STEPHEN S. SNYDER #180, | ) | |
| OFFICER JOE L. ALVAREZ #106, | ) | |
| OFFICER MICHAEL O. BAUGH #156, | ) | |
| OFFICER HOFFMAN, OFFICER | ) | |
| CHRISTOPHER D. VINSON #531, | ) | |
| SERGEANT SCOTT HUFFINE #67, CHIEF | ) | |
| DEPUTY MICHAEL McALEXANDER, | ) | |
| CAPTAIN CHRISTOPHER J. COOP #117, | ) | |
| and LIEUTENANT MICHAEL B. | ) | |
| KEESLER #100, ALLEN COUNTY | ) | |
| SHERIFF, in his official capacity, ALLEN | ) | |
| COUNTY PROSECUTOR'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On September 2, 2005, acting pursuant to a valid arrest warrant, some Allen County police officers entered the Plaintiff's home in hopes of finding and arresting her son. The Plaintiff was at work at the time. Upon entry, the officers found a home littered with trash and disorganized piles of things, some more than three feet high. The officers stayed in the home for almost two hours, all the while looking for the Plaintiff's son, who, it turned out, was not there.

Angered by the search, the Plaintiff filed a lawsuit against the officers, the county prosecutor and the prosecutor's office, and the sheriff's department. The Plaintiff claims that,

upon returning home from work, she found boxes and bags, in which a person could not fit, emptied of their contents by the officers. She also claims that the officers turned around her microwave and television. The Plaintiff alleges that the Defendants violated her Federal and State Constitutional rights against unreasonable search and seizure.

On October 23, 2006, Defendants Allen County Prosecutor's Office and Michael McAlexander moved for summary judgement on all of the Plaintiff's claims against them. Shortly thereafter, the remaining Defendants also moved for summary judgment. The parties finished briefing the motions in January 2007.

**A.    Summary Judgment Standard**.

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In other words, the record must reveal that no reasonable jury could find for the nonmoving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings.

Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Federal Rule of Civil Procedure 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992). Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

**B.    Facts**.

Drawing all legitimate inferences and construing the evidence in the light most favorable to the Plaintiff, the Court finds the following facts, as they related to the Defendants' motions for summary judgment:

On September 2, 2005, several Allen County Sheriff officers attempted to execute a felony arrest warrant for Jeremy Falk, on the charge of habitual traffic offender, a Class D Felony. The warrant stated that he lived with his mother, the Plaintiff, at 9302 Whippoorwill Drive, Fort Wayne, Indiana. The officers also had information that Jeremy might be located at various other addresses, including the homes of his grandmother, his uncle, and his friend. The officers checked these locations but could not find him. When the officers arrived at the Plaintiff's residence at 9302 Whippoorwill Drive, they saw a red moped in front of the house. The officers knew that Jeremy drove a red moped.

The initial officers to arrive to the Plaintiff's home were Steven Stone, Stephen Snyder, and Joe Alvarez. They contacted Officers Michael Baugh, Dean Hoffman, and Corporal Gary C. Isley for backup. Sergeant Scott Huffine also arrived to the scene. The officers knocked on the door and announced their purpose and identity. No one answered the door, so the officers broke the lock and entered the house to search for Jeremy. Before their entry, Michael McAlexander, a prosecutor with the Allen County Prosecutor's office, advised them over the phone that they could enter the house to arrest Jeremy.

The house was full of trash and extremely messy. Inside were three dogs, which Animal Control Officers David Baber and Christopher Vinson removed at the request of Sergeant Huffine. They turned the dogs over to the Fort Wayne animal shelter because the house was infested with rodents and insects and contained animal feces and urine throughout.

Since the house was full of disorganized piles, some over three feet high, the officers had to search for Jeremy thoroughly. They called in a canine officer, Jeffery Smallwood, to assist in the search. The search ended without Jeremy being discovered, who, as it turned out, has not lived with his mother for six years. The officers stayed at the Plaintiff's residence for almost two hours, from 1:33 p.m. until 3:28 p.m.

Meanwhile, the Plaintiff's neighbor called her to advise that police officers were at her home. When the Plaintiff returned home, the officers were already gone. As she entered the house, "[she] was shocked by what [she] saw." (Pl. Aff. at 2.) The Plaintiff recounted:

> My house was not clean, but it was kept in some sort of "order." When I got home, it was in total disarray—boxes had been dumped over, bags of clothes and things have been thrown about the home; my microwave had been turned sideways; my t.v. had been turned around; based upon what I saw, it was as if, whoever was there, ransacked and rummaged through everything. The boxes and bags which had been overturned and emptied could not hide a human body.

(*Id.*)

As a result of the officers' search of her home, the Plaintiff sought medical care for emotional distress and depression with Dr. Acker, a family physician, who prescribed her an antidepressant.

The following Defendant officers had no involvement in the search of the Plaintiff's home: Officer Tyler Harris, Christopher Koop, and Mike Keesler. Moreover, the Plaintiff has failed to present any evidence that a person listed in the Complaint as "Jamie _____" had any involvement in the search of her home.

**C.   Section 1983**.

The Federal Civil Rights Act provides a remedy for persons injured by officials acting

under color of law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 is not a source of substantive rights but instead provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687, 749 n.9 (1999). To prevail on a claim under § 1983, a plaintiff must show that "(1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) the defendant acted under color of state law." *J.H. Exrel. Higgin v. Johnson*, 346 F.3d 788, 791 (7th Cir. 2003) (citing *Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996)).

A plaintiff may bring a § 1983 suit against individual officers in either their official or individual capacity or both. To recover from officials in their individual capacity, the plaintiff must show that the Defendants were personally involved in depriving him of his constitutional rights. *See Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997); *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997) (quoting *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994)). "[A]n official meets the 'personal involvement' requirement when she acts or fails to act 'with a deliberate or reckless disregard of plaintiff's rights or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent.'" *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir.1994*).*

(1)     *The Fourth Amendment*.

The Fourth Amendment protects persons from arbitrary invasion by government officials:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." *Camara v. Mun. Court of San Francisco*, 387 U.S. 523, 528 (1967) (citing *Ker v. California*, 374 U.S. 23, 30 (1963)).

(2)     *The Plaintiff's Concessions.*

The Plaintiff presented no evidence that any of the following officers were involved in the search of her home: Officer Tyler Harris, Officer Jamie _____, Captain Christopher Coop, and Lieutenant Michael B. Keesler. Without being personally involved in the search, these officers cannot be found liable, and summary judgment is appropriate as to the Plaintiff's claims against them.

The same is true of Prosecutor Michael McAlexander. The Plaintiff concedes that McAlexander did not search her home and did not even give advice to the officers regarding the search. Moreover, even if McAlexander had given advice to the officers, by virtue of acting as a prosecutor, he would have been shielded by the doctrine of absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *see also Pena v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996)

(prosecutorial immunity applies even if the prosecutor is alleged to have conspired with non-immune actors). Accordingly, the Court will grant summary judgment in McAlexander's favor as to the Plaintiff's claim against him. Such disposition automatically removes the Plaintiff's claim against the Allen County Prosecutor's Office as it cannot be found liable without an underlying liability of at least one of its officers. And in any case, the Plaintiff concedes that she has no claim against Prosecutor's Office.

Finally, the Court will grant summary judgment in favor of Allen County Sheriff, sued in his official capacity, because the Plaintiff concedes that she has no claim against him. The Plaintiff also concedes that her claim under the Indiana Constitution is not viable. As a result, the Court will grant summary judgment on that claim as to all defendants.

This narrows the Plaintiff's case to the ten remaining defendants: Officer David Baber, Officer Gary Isley, Officer Jeffery Smallwood, Officer Steven Stone, Officer Stephen Snyder, Officer Joe Alvarez, Officer Michael Baugh, Officer Hoffman, Officer Christopher Vinson, and Sergeant Scott Huffine.

However, the Court need not examine the Plaintiff's claims against them. On March 1, 2007, the Court advised the parties during a telephone conference how it would rule on the motions for summary judgment. Since then, these Defendants and the Plaintiff settled the case and so notified the Court on March 6, 2007. Accordingly, their motion for summary judgment is now moot.

**C.     Conclusion**.

For these reasons, the Court grants the Motion for Summary Judgment by Defendants

Michael Alexander and Allen County Prosecutor's Office. Further, the Court grants summary judgment as to Defendants Officer Tyler Harris, Officer Jamie _____, Captain Christopher Coop, and Lieutenant Michael B. Keesler. The Court also grants summary judgment as to Defendant Allen County Sheriff. The Court renders the motion for summary judgment as to the remaining Defendants as moot.

SO ORDERED on March 19, 2007.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT